Morphy, J.
In this case, which turned upon a settlement of partnership accounts between the parties, we came to a result differing but slightly from that of the Judge below. In the petition for a re-hearing, the appellee’s counsel has thought proper to remark that, as the surety on an appeal bond is only fixed when the appellant is cast on his appeal, the slightest reduction in the amount of the judgment appealed from will have the effect of discharging the surety, and of leaving to the appellee, in this case, no recourse except that of a suit in a distant State. With considerations of this kind we have nothing to do ; nor had they any influence with us when we allowed this re-hearing. We understand, however, the counsel as offering them, not in support of his application, but as an apology he deemed it necessary to make for again calling our attention to this case, notwithstanding the small difference in the amounts of the two judgments. We have found it unnecessary to turn to those parts of the evidence and accounts referred to by the counsel; but have confined our attention to the item of $500, with which we thought the defendant chargeable under the articles of dissolution, by reason of Joshua Burr’s refusal to produce as a voucher, the accommodation note of the firm of Burr & Lynch, alleged to have been taken up. It is urged, that the defendant should not suffer fo.r the improper refusal of Joshua Burr to surrender *108 this note, which he perhaps considered it necessary to keep for his own protection, as a voucher for a payment he had made ; that he was examined as the witness of the plaintiff, and though he refused to produce the note, he positively swore it had been paid ; that the note was not under defendant’s control; and that no call was at any time made upon him to produce it. Independently of these reasons, which are not without some force, we find on turning to the account of Joshua Burr, that the firm is yet indebted to him in the sum of $569 92. It appears to us that, as the defendant is only liable as a warrantor or surety for the faithful appropriation of the funds of the firm transmitted to his brother, Joshua Burr, he should not be liable for this item of $500, which, if deducted from the balance due to Joshua Burr, would still leave the latter a creditor of the firm in the sum of $69 92. • The plaintiff has it in his power to retain the $500 out of this balance, until the note is produced, or accounted for to his satisfaction, This view of the defendant’s liability in relation to this item, would leave the plaintiff indebted on the reconventional demand in a larger sum than that found by the District Court; but no prayer to amend the judgment appealed from has been made.
It is, therefore, ordered, that the judgment of the District Court be affirmed, with costs.